# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Steven Edward Meierding, | ) | |
| | ) | **ORDER GRANTING MOTION FOR** |
| Petitioner, | ) | **EXTENSION TO FILE** |
| | ) | **MEMORANDUM, DENYING** |
| vs. | ) | **MOTION FOR COUNSEL, AND** |
| | ) | **GRANTING IN PART AND DENYING** |
| United States of America, | ) | **IN PART MOTION FOR MATERIALS** |
| | ) | |
| Respondent. | ) | Case No. 3:18-cv-013 |

___

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Steven Edward Meierding, | ) | Case No. 3:15-cr-091 |
| | ) | |
| Defendant. | ) | |

___

On January 22, 2018, the Petitioner/Defendant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." See Docket No. 118. In addition to the Section 2255 motion, Meierding contemporaneously filed several other motions: "Motion for Extension of Time to File Memorandum of Law to Support §2255 Motion," "Motion for Appointment of Counsel Pursuant 18 U.S.C. § 3006A(a)(2)(B)," and "Motion for Case Material." See Docket Nos. 119, 120, and 121. For the reasons set forth below, the motion for an extension to file memorandum is granted, the motion to appoint counsel is denied, and the motion for case materials are granted in part and denied in part.

## I.  MOTION FOR EXTENSION TO FILE MEMORANDUM

In his "Motion for Extension of Time to File Memorandum of Law to Support §2255 Motion," Meierding requests an additional ninety (90) days to file a memorandum of law in support of his

Section 2255 motion. In the exercise of its discretion, the Court grants Meierding an extension to file a memorandum. Meierding shall have until May 1, 2018, to file any additional memoranda in support of his Section 2255 motion.

## II.     MOTION TO APPOINT COUNSEL

In his "Motion for Appointment of Counsel Pursuant 18 U.S.C. § 3006A(a)(2)(B)," Meierding requests the Court appoint him counsel. Specifically, Meierding contends it is appropriate to appoint counsel for his Section 2255 motion because the case requires a review of discovery, he has limited knowledge of the law, and he does not have adequate access to the law library at the federal prison he is located. See Docket No. 120. There is neither a constitutional right nor statutory right to counsel in habeas proceedings. See Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999); Blair v. Armontrout, 916 F.2d 1310, 1332 (8th Cir. 1990); see also Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993) (explaining that a habeas corpus proceeding is a civil proceeding to which the Sixth Amendment right to counsel afforded for criminal proceedings does not apply). The Court may nevertheless appoint counsel for a habeas petitioner at any time if it finds that the "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2). If a court conducts an evidentiary hearing on the motion, the interests of justice require that the movant be appointed counsel. See Rule 8(c), Rules Governing Section 2255 Cases in the United States District Courts; see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." Id.

When exercising its discretion, a court should determine whether, given the particular circumstances of the case, "the appointment of counsel would benefit the petitioner and the court to such an extent that 'the interests of justice so require' it." Id. (citing 18 U.S.C.A. § 3006A(a)(2) and Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir.1990)). Thus, a court should consider a number of

2

relevant factors, including the factual complexity of the case and the movant's ability to investigate and present his claim. See Abdullah, 18 F.3d at 573; see also Battle, 902 F.2d at 702; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir.1986).

In his Section 2255 motion, Meierding merely states "INEFFECTIVE ASSISTANCE OF COUNSEL" as the grounds for which he claims he is being unlawfully held. See Docket No. 118. Meierding provides no factual basis to support his claims. With only a vague, minimal description of his claims, Meierding has failed to demonstrate to the Court the facts of his case are particularly complex or that he is unable to present his factual claims. Moreover, Meierding has not demonstrated how constraints on his access to a law library prevent him from providing a factual basis to support his claims. A petitioner may certainly state the facts underpinning a Section 2255 motion without requiring the use of a law library. Moreover, the Court has given Meierding an extension to file a memorandum in support of his Section 2255 motion, allowing him additional time to research and/or utilize a law library, if necessary. In the exercise of its broad discretion, the Court finds that the interests of justice do not require the appointment of counsel in this case at this time. Consequently, the Court denies the motion (Docket No. 120) for appointment of counsel in this habeas proceeding.

### III.     MOTION FOR CASE MATERIALS

In his "Motion for Case Material," Meierding requests copies of certain documents to "assist him in properly preparing a § 2255 motion." See Docket No. 121. Meierding specifically requests copies of:

1. Plea hearing transcripts,
2. Plea agreement,
3. Sentencing hearing transcripts,
4. Investigative and supplemental reports (written, audio, and visual),

5. All discovery given to sentencing counsel,

6. Grand jury transcripts,

7. The indictment, and

8. Docket reports.

See Docket No. 121. The Court directs the Clerk of Court to provide copies of the indictment, plea agreement, and the docket sheet. Transcripts of the grand jury testimony, change of plea hearing, and sentencing were not prepared. Also, neither "investigative and supplemental reports," nor "discovery given to sentencing counsel by Government" are within the possession of the Court, and the Court does not have the ability to provide these materials to Meierding. Therefore, the Court grants in part and denies in part the motion for case materials (Docket No. 121).

IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the "Motion for Extension of Time to File Memorandum of Law to Support §2255 Motion," (Docket No. 119) **DENIES** the "Motion for Appointment of Counsel Pursuant 18 U.S.C. § 3006A(a)(2)(B)," (Docket No. 120) and **GRANTS IN PART AND DENIES IN PART** the "Motion for Case Material" (Docket No. 121).

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2018.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court